**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHIVA STEIN, <br><br> Plaintiff, <br><br> v. <br><br> CINEDIGM CORP., <br><br> Defendant. | CIVIL ACTION NO. _____ |

# COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the "SEC").

2. Plaintiff, a shareholder of Defendant Cinedigm Corp. ("Cinedigm"), seeks an injunction to prevent a vote by its shareholders on Management Proposal 8 in the 2017 Proxy Statement for the annual meeting of Cinedigm shareholders scheduled for August 31, 2017 ("Proposal 8"). The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3. Proposal 8 requests that the shareholders approve the Cinedigm 2017 Equity Incentive Plan (the "Plan"), which proposes to allow Cinedigm to grant 2,098,270 shares of common stock to Plan participants, and to define individual limits for directors and employees to

400,000 shares per year, and awards other than stock-based awards to $5,000,000.  But it is unclear how many participants are in the plan and why they are receiving these awards.  SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101.  Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

4. Proposal 8 of the 2017 Proxy Statement fails to disclose the approximate number of eligible participants and the basis of their participation in the Plan and is misleading as to the classes of persons who will be eligible to participate therein.

5. Thus, the 2017 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

7. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

8. Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because the

Plaintiff is a resident of this district.

## PARTIES

9. Plaintiff is, and has been continuously since June 2014, a holder of Cinedigm common stock.

10. Cinedigm is a corporation organized under the laws of the State of Delaware. The Company's last fiscal year ended March 31, 2017. As of August 9, 2017, it had 13,657,445 shares of common stock outstanding. Cinedigm's common stock is traded on the NASDAQ Stock Exchange under the symbol CIDM. Cinedigm is a distributor and aggregator of independent movie, television, and other short form content released across digital, physical, and home and mobile entertainment platforms.

## WRONGFUL ACTS AND OMISSIONS

11. Cinedigm has scheduled the annual shareholders' meeting for August 31, 2017. On August 7, 2017, it furnished its shareholders with the 2017 Proxy Statement to solicit their proxies for eight management proposals and to transact other business that may properly come before the annual meeting.

12. Proposal 8 requests that the shareholders approve the Plan, which Cinedigm will be able to use to grant non-qualified stock options, stock appreciation rights, restricted stock, restricted share units, cash awards, performance awards or any combination of to participants in the Plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for Cinedigm stockholders to understand how many participants there are in the plan or why they are eligible for such shares.

13. Because Proposal 8 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2017 Proxy Statement to disclose certain information

concerning the Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (a) Plans subject to security holder action.
>
> (1) Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2017 Proxy Statement omits these disclosures.

14. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 8, under the heading Eligibility, tells stockholders the following:

> Any employee of the Company or an affiliate is eligible to participate in the Plan if the Administrator, in its sole discretion, determines that such person has contributed significantly or can be expected to contribute significantly to the profits or growth of the Company or its affiliates. A non-employee director of the Company or other third-party service provider to the Company may also be granted awards under the Plan so long as they do not promote or maintain a market for the Company's securities and their services are not in connection with the Company's offering securities in a capital raising transaction. The Company is not able to estimate the number of individuals that the Administrator will select to participate in the Plan or the type or size of awards that the Administrator will approve. Therefore, the benefits to be allocated to any individual or to various groups of individuals are not presently determinable.

* * *

Proxy Statement at 17.

15. The above paragraph describes merely the classes of persons, but not how many persons in each class, and not the basis of participation. As Judge Irizarry stated, the "basis for

4

eligibility" is not the same as the "basis for participation." *Stein v. Raymond James Financial, Inc.*, 1:16-cv-00379-DLI-JO (S.D.N.Y.).

16. Therefore, the fact that the Company "is not able to estimate the number of individuals that the Administrator will select to *participate* in the Plan" does not excuse the Company from reporting on the approximate number of persons in each class.

17. Under the heading Non-employee Director Awards, the Proxy Statement states:

> If the Plan is approved by stockholders, it is anticipated that each non-employee director will receive, following the date of each annual meeting of stockholders, a restricted stock award valued at $50,000, based on the fair market value of the Company's Class A Common Stock as of the last trading date of the quarter during which the annual meeting occurs. These restricted stock awards will vest on a quarterly basis, so long as the director remains continuously in office. Non-employee directors will also be eligible to receive other types of awards under the Plan, but such awards are discretionary.

18. Similarly, the Proxy Statement fails to include the number of non-employee directors. This information is important for a shareholder especially since non-employee directors will be eligible to receive discretionary awards other than a $50,000 annual board fee.

19. The Plan itself, annexed to the 2017 Proxy Statement as Appendix C[1], discusses eligibility. Section 5.1 provides that the "[i]ndividuals eligible to participate in this Plan include all Employees, Nonemployee Directors, and Third Party Service Providers."

20. Section 5.2 provides: **Actual Participation**. Subject to the provisions of this Plan, the Committee may, from time to time, select from all eligible individuals those individuals to whom Awards shall be granted and shall determine, in its sole discretion, the nature of any and all terms permissible by law, and the amount of each Award." This section appears to differentiate between eligible participants and those who will actually participate in the Plan.

---

[1] Inconsistent with the reference in the Proxy Statement, the annexed Plan is called the "Cinedigm Corp. 2017 Incentive Plan."

21. Nowhere in the 2017 Proxy Statement does Cinedigm disclose the number of "Employees, Nonemployee Directors, and Third Party Service Providers." Indeed, according to the text of the Plan, the definition of "Employee" is very broad:

> "Employee" means any individual performing services for the Company, an Affiliate, or a Subsidiary and designated as an employee of the Company, its Affiliates, and/or its Subsidiaries on the payroll records thereof. An Employee shall not include any individual during any period he or she is classified or treated by the Company, Affiliate, and/or Subsidiary as an independent contractor, a consultant, or any employee of an employment, consulting, or temporary agency or any other entity other than the Company, Affiliate, and/or Subsidiary, without regard to whether such individual is subsequently determined to have been, or is subsequently retroactively reclassified as a common-law employee of the Company, Affiliate, and/or Subsidiary during such period.

Proxy Statement at C-6.

22. Equally broad are the definitions for "Affiliate" and "Subsidiary:"

> "Affiliate" shall mean any corporation or other entity (including, but not limited to, a partnership or a limited liability company), that is affiliated with the Company through stock or equity ownership or otherwise, and is designated as an Affiliate for purposes of this Plan by the Committee.

> "Subsidiary" means any corporation or other entity, whether domestic or foreign, in which the Company has or obtains, directly or indirectly, a proprietary interest of more than fifty percent (50%) by reason of stock ownership or otherwise.

*Id.* at C-3, C-9.

23. Further, the Proxy Statement identifies "Third Party Service Provider" as a class of participants. "Third Party Service Provider" is defined as:

> Any consultant, agent, advisor, or independent contractor who renders services to the Company, a Subsidiary, or an Affiliate that (a) are not in connection with the offer and sale of Company's securities in a capital raising transaction, and (b) do not directly or indirectly promote or maintain a market for the Company's

6

securities.

*Id.* at C-9.

24. Thus, it is entirely unclear from the 2017 Proxy Statement how many participants will be awarded the compensation from the Plan that stockholders are being asked to approve or the basis of their receipt of such awards.

25. This contravention of the SEC rules renders the 2017 Proxy Statement unlawful under § 14(a) of the Exchange Act.

26. The Plan allows for 2,108,270 authorized shares of Common Stock to be awarded immediately after the stockholder vote.

27. The preceding paragraphs state a direct claim for relief against Cinedigm under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

28. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm on Proposal 8 if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for 2,108,270 shares to be granted to an unknown number of "employees, nonemployee directors and third party service providers" of Cinedigm and its "affiliates" and "subsidiaries" immediately after this vote. Unwinding these awards will be impossible.

29. To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) of Schedule 14A with regard to Proposal 8.

30. Consequently, Cinedigm should be enjoined from presenting Proposal 8 for a stockholder vote at the August 31, 2017 annual meeting or certifying or otherwise accepting any

vote cast, by proxy or in person, by or on behalf of any Cinedigm shareholder in connection with Proposal 8 in the 2017 Proxy Statement.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

    A.    A preliminary and permanent injunction, enjoining Cinedigm from:

        (i)    certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Cinedigm shareholder in connection with Proposal 8 in the 2017 Proxy Statement;

        (ii)    presenting Proposal 8 for a shareholder vote at the August 31, 2017 annual meeting;

    B.    A preliminary and permanent injunction requiring Cinedigm to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Item 10(a)(1) and cured of material disclosure defects pursuant to 15 U.S.C. § 78n(a).

    C.    Awarding such other and further relief as this Court deems just and proper.

Dated: August 17, 2017

                                              **WOLF HALEDNSTEIN ADLER**
                                              **FREEMAN & HERZ LLP**

                                              By: /s/  Gloria Kui Melwani
                                              Gloria Kui Melwani
                                              270 Madison Avenue
                                              New York, NY 10016
                                              Telephone: (212) 545-4600
                                              Facsimile: (212) 686-0114

                                              *Attorneys for Plaintiff*